UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

CIRCLE CENTRE MALL LLC, SIMON )
PROPERTY GROUP, INC. AND XL )
INSURANCE AMERICA, INC., as subrogee of )
Circle Centre Mall, LLC and Simon Property )
Group, Inc. )
) No: _____
)
Plaintiffs, )
)
v. ) 1:14-cv-1160 JMS-MJD
)
ZURICH AMERICAN INSURANCE )
COMPANY and OLD REPUBLIC )
INSURANCE COMPANY, )
)
Defendants. )

FILED
JUL 10 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

### NOTICE OF REMOVAL

To:   The United States District Court for the Southern District of Indiana.

Plaintiffs' counsel:   Gregory A. Neibarger
Bingham Greenbaum Doll LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Zurich American Insurance Company, by and through its attorneys, Thomas Schultz and Charles S. Smith of Schultz & Pogue, LLP, hereby files this *Notice of Removal* of the above-captioned matter from the Superior Court of Marion County, Indiana, to the United States District Court for the Southern District of Indiana. In support of this *Notice*, Defendant respectfully states as follows:

1.   On June 17, 2014, Plaintiffs Circle Centre Mall, LLC, Simon Property Group, Inc. and XL Insurance America, Inc. initiated the above-captioned action by filing a Complaint for Damages and Jury Demand with the Superior Court of Marion County,

Indiana against Zurich American Insurance Company ("Zurich") and Old Republic Insurance Company ("Old Republic"). A copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

2. On June 20, 2014, Zurich's registered agent was served with Plaintiffs' Complaint and Summons. (See **Exhibit B**, Notice of Service of Process).

3. According to on line records maintained by the Odyssey Case Management System for Indiana Courts and Clerks, defendant Old Republic was served with a Summons and the Plaintiffs' Complaint on or about June 23, 2014. At the time of the filing of this Notice, Old Republic has not filed an Appearance or an Answer to Plaintiffs' Complaint. Zurich's counsel has learned that Stephen S. Muhich of the Dykema Gossett firm will be representing Old Republic in this matter. On July 10, 2014, Mr. Muhich advised Zurich's counsel that Old Republic consents to the removal and intends to file a joinder to this Notice.

4. Removal, based on diversity of citizenship, is proper where all of the parties properly joined and served as defendants are diverse and the amount in controversy has been met.

5. The United States District Court for the Southern District of Indiana has jurisdiction over this action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 for the following reasons:

    a. Based on the investigation Zurich has been able to undertake to this point, Plaintiff Circle Centre Mall, LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in the State of Indiana, at 49 West Maryland Street, Indianapolis, Indiana.

        (i) According to the Plaintiffs' Complaint, Circle Centre Development Company is the sole member of Circle Centre

|     | |
|---|---|
|     | Mall, LLC. Ex. A, ¶ 3. Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's Office), Circle Centre Development Company was a limited partnership formed under the law of Indiana (and principally located at 115 West Washington Street, Indianapolis, Indiana) that was cancelled on or about May 2, 1994. |
| (ii) | According to the Plaintiffs' Complaint, Simon Property Group, L.P. is the managing general partner of Circle Centre Development Company. Ex. A, ¶ 3. Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's Office and the Delaware Secretary of State's Office), Simon Property Group, L.P. is a limited liability partnership formed under the laws of Delaware, with its principal place of business in the State of Indiana, at 225 West Washington Street, Indianapolis, Indiana. |
| (iii) | Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's Office), Simon Property Group, Inc., SPG Properties, Inc., and SD Property Group, Inc. were at one time the partners of Simon Property Group, L.P. |
| (iv) | Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's Office), SD Property Group, Inc. no longer exists, as it was a non-surviving entity merged into the surviving entity SPG Properties, Inc. on or about August 15, 2000. Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's Office and the Ohio Secretary of State's Office), when it existed, SD Property Group, Inc. _was_ a corporation that was organized under the laws of Ohio, that had its principal place of business located in the State of Indiana. |
| (v) | Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's |

        Office and the Maryland Secretary of State's Office), SPG Properties, Inc. no longer exists, as it was a non-surviving entity merged into the surviving entity Simon Property Group, Inc. on or about November 13, 2001. Based on the investigation Zurich has been able to undertake to this point (including review of public records that are available on-line through the Indiana Secretary of State's Office and the Maryland Secretary of State's Office), when it existed, SPG Properties, Inc. was a corporation that was organized under the laws of Maryland, that had its principal place of business in the State of Indiana.

    For these reasons, for purposes of assessing diversity of citizenship, Circle Centre Mall, LLC is a citizen of Delaware and Indiana. As of the date of filing this notice of removal, Zurich has no information that Circle Center Mall, LLC has any current members that are citizens of Illinois, New York or Pennsylvania.

b. Based on the investigation Zurich has been able to undertake to this point, plaintiff Simon Property Group, Inc. is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in the State of Indiana, at 225 West Washington Street, Indianapolis, Indiana. For these reasons, for purposes of assessing diversity of citizenship, Simon Property Group, Inc. is a citizen of Delaware and Indiana.

c. Based on the investigation Zurich has been able to undertake to this point, plaintiff XL Insurance America, Inc. is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in the State of Connecticut, at 70 Seaview Avenue, Stamford, Connecticut. For these reasons, for purposes of assessing diversity of citizenship, XL Insurance America, Inc. is a citizen of Delaware and Connecticut.

d. Defendant Zurich is a corporation duly organized and existing under the laws of New York, with its principal place of business in the State of Illinois, at 1400 American Lane, Schaumburg, Illinois. For these reasons, for purposes of assessing diversity of citizenship, Zurich is a citizen of New York and Illinois.

e. Based on the investigation Zurich has been able to undertake to this point, defendant Old Republic is an insurance company formed and existing under the laws of Pennsylvania, with its principal place of business in the State of Pennsylvania, at 133 Oakland Avenue, Greensburg, Pennsylvania. For these reasons, for purposes of

                    assessing diversity of citizenship, Old Republic is a citizen of Pennsylvania.

    f.    Plaintiffs seek to recover from Defendants Zurich and Old Republic certain amounts the Plaintiffs claim to have paid in defense costs and damage payments made in an underlying lawsuit case titled *Firstbank Southwest, as Guardian of the Estate of Phillip Caler, a minor et al. v. Simon Property Group, Inc. et al.* (Case No. 49D11-1105-CT-017492), which was previously pending in the Superior Court of Marion County, Indiana. It is Defendant Zurich's good faith belief that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. On or about April 11, 2014, Plaintiffs' attorney sent a letter to Kathleen Fuell with Zurich requesting that Zurich reimburse Circle Centre and Simon for certain defense costs those entities alleged incurred in connection with the *Caler* Case. In the April 11, 2014 letter the Plaintiffs' attorney represented the defense costs the Plaintiffs sought to recover totaled $939,901.06.[1] Therefore, the defense costs in dispute here alone exceed $75,000, exclusive of interest and costs (and the Plaintiffs seek to recover additional sums that were allegedly paid to settle the *Caler* case).[2]

6.    Therefore, this lawsuit is removable from state court to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. §1441 (a) and 28 U.S.C. §1332 (a)(2)(c)(1). Based on Zurich's investigation to this point, complete diversity of citizenship exists among the plaintiffs and the defendants, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

7.    28 U.S.C. § 1446 imposes a 30 day limitation upon a defendant to timely file a notice of removal. Zurich's Notice of Removal is timely because it was filed within thirty days after the receipt by Zurich, through service, of the initial pleading setting forth the removable claims for relief. See 28 U.S.C. § 1446(b).

---

[1] Zurich will amend this Notice of Removal to include the aforementioned April 11, 2014 letter as an exhibit should the Court so require.
[2] In reciting the sums the Plaintiffs seek to recover, Zurich does not admit liability or coverage for any such sums.

8.  Written notice of the filing of the Notice of Removal has been served on Plaintiffs through their counsel, as required by 28 U.S.C. §1446 (d).

9.  A true copy of this Notice of Removal has been filed with the Superior Court of Marion County, Indiana, as provided by 28 U.S.C. §1446 (a).

10. By filing this Notice of Removal, Defendant Zurich, does not waive any jurisdictional objections or any other defenses that are available.

WHEREFORE, Defendant, Zurich American Insurance Company, respectfully requests that this civil action be removed from the Superior Court of Marion County, Indiana, and that this Court accept jurisdiction over this action, and proceed before this Court as an action properly removed.

Respectfully submitted,

_____
Thomas R. Schultz, #11670-49
Charles S. Smith, #23148-49
Attorneys for Defendant Zurich American Insurance Company

## CERTIFICATE OF SERVICE

      Service of the foregoing was made by placing a copy of the same into the United States Mail, first class postage prepaid, this ___ day of July, 2014, addressed to:

Gregory A. Neibarger  
Bingham Greenebaum Doll LLP  
2700 Market Tower  
10 West Market Street  
Indianapolis, Indiana 46204  

Stephen S. Muhich  
Dykema Gossett PLLC  
300 Ottawa Avenue, N.W.  
Suite 700  
Grand Rapids, MI 49503  

Thomas R. Schultz  
Charles S. Smith  
SCHULTZ & POGUE, LLP  
520 Indiana Avenue  
Indianapolis, IN 46202  
(317) 262-1000  
(317) 262-9000 Fax