UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CIRCLE CENTRE MALL LLC, SIMON PROPERTY GROUP, INC., and XL INSURANCE AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) | 1:14-cv-01160-JMS-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY, | ) ) | |
| Defendants. | ) | |

**ORDER TO FILE JOINT JURISDICTIONAL STATEMENT**

On July 10, 2014, Defendant Zurich American Insurance Company ("Zurich") removed to this Court a state court action filed by Plaintiffs Circle Centre Mall LLC ("Circle Centre"), Simon Property Group, Inc. ("Simon"), and XL Insurance America, Inc. ("XL"). [Filing No. 1.] In the Notice of Removal, Zurich states that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Filing No. 1 at 2.][1]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Zurich's Notice of Removal, the Court cannot determine whether it has diversity jurisdiction over this matter.

---

[1] Zurich states in the Notice of Removal that Defendant Old Republic Insurance Company ("Old Republic") consents to the removal. [Filing No. 1 at 2.]

The Court notes that, because Circle Centre is alleged to be a limited liability company, [Filing No. 1 at 2], its citizenship is "the citizenship of all the limited partners, as well as of the general partner," *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003), and that citizenship "must be traced through however many layers of partners or members there may be," *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007). The Court recognizes and appreciates the lengths to which Zurich has gone to trace the organizational structure of Circle Centre, and provide the citizenship of each entity involved in Circle Centre's ownership. However, due to some uncertainty in Zurich's statements regarding citizenship – *e.g.*, Zurich prefaces many of its jurisdictional statements with the phrase "[b]ased on the investigation Zurich has been able to undertake to this point" – and the complicated structure of Circle Centre, coupled with the fact that some of the entities in Circle Centre's organizational structure appear to no longer be viable,[2] the Court is concerned that Zurich's statements may not represent Circle Centre's current organizational structure and/or the citizenship of the entities involved in its ownership.

For these reasons, the Court **ORDERS** the parties[3] to file a joint jurisdictional statement by **July 24, 2014**, detailing the citizenship of each party and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. To assist the Court, the parties should include a diagram reflecting Circle Centre's organizational structure. If the parties cannot agree on the

---

[2] Specifically, Zurich states that Circle Centre Development Company is the sole member of Circle Centre and was a limited partnership that "was cancelled on or about May 2, 1994," [Filing No. 1 at 3], and that SD Property Group, Inc. and SPG Properties, Inc. were "at one time" partners of Simon Property Group, L.P., but no longer exist, [Filing No. 1 at 3-4].

[3] While counsel for Defendant Old Republic has not yet entered an appearance, Zurich states that it has determined who will be representing Old Republic. [Filing No. 1 at 2.] The parties should endeavor to include Old Republic in the joint jurisdictional statement.

contents of a joint statement, competing statements must be filed by that date. Filing a compliant statement will satisfy Circle Centre's, Simon's, and XL's obligations under Local Rule 81-1.

**<u>Distribution via ECF only to all counsel of record</u>**