UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CENTRE MALL LLC, SIMON PROPERTY GROUP, INC., and XL INSURANCE AMERICA, INC., <br>     *Plaintiffs*, <br><br> *vs.* <br><br> ZURICH AMERICAN INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY, <br>     *Defendants*. | 1:14-cv-01160-JMS-MJD |

## ORDER

On July 10, 2014, Defendant Zurich American Insurance Company ("Zurich") removed to this Court a state court action filed by Plaintiffs Circle Centre Mall LLC ("Circle Centre"), Simon Property Group, Inc. ("Simon"), and XL Insurance America, Inc. ("XL"). [Filing No. 1.] In the Notice of Removal, Zurich states that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Filing No. 1 at 2.]

Because the Court could not determine from the Notice of Removal whether it has diversity jurisdiction over this matter, it ordered the parties to file jurisdictional statements. [Filing No. 6.] The parties filed such statements, [Filing No. 21; Filing No. 22; Filing No. 23][1], and it is apparent that there is a dispute regarding Circle Centre's citizenship. Specifically, Plaintiffs state that there is an Illinois citizen in Circle Centre's organizational structure, so there is not diversity of citizenship (it is undisputed that Zurich is a citizen of New York and Illinois), and that they have provided documents to Zurich reflecting this fact. [Filing No. 21 at 2-4.] Zurich and Defendant Old Republic Insurance Company ("Old Republic") state that they are unable to confirm

---

[1] Filing No. 23 appears to be a duplicate of Filing No. 22, but attaches an exhibit that presumably was inadvertently omitted when Filing No. 22 was submitted.

- 1 -

the information provided by Circle Centre through public filings and that, in fact, one of the entities above the Illinois citizen in Circle Centre's organizational structure appears to no longer exist based on public records. [Filing No. 23 at 2-3.]

Zurich has the burden of providing evidence of Circle Centre's citizenship to the Court since it is the party attempting to invoke the Court's diversity jurisdiction. *See Employers Mut. Cas. Co. v. Gemini Ins. Co.*, 2014 WL 3541296, *4 (N.D. Ind. 2014) (where plaintiff makes a factual challenge to assertions in a notice of removal regarding citizenship, the burden is on the defendant, as the removing party, "to prove the existence of jurisdictional facts….In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship"). Zurich is cautioned that simply claiming it cannot obtain information regarding Circle Centre's citizenship through public filings, and that therefore it "does not concede…that [Circle Centre's] citizenship is not completely diverse from all other parties in this matter," [Filing No. 23 at 3], is not sufficient to meet that burden. Absent evidence that diversity jurisdiction is proper, this case will be remanded. *See Intra American Metals, Inc. v. Certain Underwriters at Lloyd's London*, 2014 WL 545899, *2 (S.D. Ind. 2014) ("any doubt regarding jurisdiction should be resolved in favor of remanding to state court jurisdiction").

Plaintiffs have stated that they plan to file a motion to remand the case back to state court, and to seek their attorneys' fees and costs incurred in connection with the Notice of Removal. [Filing No. 21 at 4.] Accordingly, the Court **ORDERS** Plaintiffs to file any motion to remand by **August 8, 2014**. Defendants' response to the motion to remand must be filed by **August 15, 2014**. Any reply shall be due **August 20, 2014**.

**Distribution via ECF only to all counsel of record**