UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CIRCLE CENTRE MALL LLC, ET AL., | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:14-cv-01160-JMS-MJD |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL., | ) | |
|     *Defendants.* | ) | |

## ORDER

Presently pending before the Court is Plaintiffs' Motion to Remand and request for attorneys' fees and costs. [Filing No. 29.] For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion to Remand, as well as their request for attorneys' fees and costs.

## I.
### APPLICABLE STANDARD

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. § 1332(a)(1). "§ 1332 requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). To determine whether complete diversity exists, "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)).

"[T]he removing party must establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. Am.*

*Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)); *see Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."). "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II.
### BACKGROUND

### A.     Procedural Background

Defendant Zurich American Insurance Company ("Zurich") removed this case from state court to this Court on July 10, 2014, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Filing No. 1 at 2-5.] Defendant Old Republic Insurance Company ("Old Republic") consented to removal of this action. [Filing No. 1 at 2.] Shortly thereafter, the Court ordered the parties to submit jurisdictional statements due to defects in the jurisdictional allegations of the Notice of Removal. [Filing No. 6 at 1-3.] The Court noted that the Notice of Removal insufficiently set forth the organizational structure of Plaintiff Circle Centre Mall LLC ("CCM"), and that many of Zurich's jurisdictional allegations were uncertain—*e.g.*, several allegations were only "[b]ased on the investigation Zurich has been able to undertake to this point." [Filing No. 6 at 2.]

The parties were unable to agree about whether this Court has diversity jurisdiction, so they submitted separate jurisdictional statements. [Filing No. 21; Filing No. 23.] Plaintiffs also submitted a chart detailing the basic organizational structure of CCM. [Filing No. 21-1.] They argued that PGLP, Inc. ("PGLP") is a partner in CCM's organizational structure, and that like Defendant Zurich, PGLP is a citizen of Illinois, which destroys complete diversity. [Filing No. 21 at 2-3.] Defendants, on the other hand, disputed Plaintiffs' submission regarding the citizenship of entities in CCM's organizational structure. [Filing No. 23.] Specifically, Defendants stated that "[b]ased

on the information that [they] ha[d] been able to verify by public records to this point," they were "unable to confirm and/or verify" many of the facts submitted by Plaintiffs. [Filing No. 23 at 2-3.]

Based on the parties' jurisdictional statements, whether complete diversity existed remained unclear. Therefore, the Court reiterated to Defendants that they have "the burden of providing evidence of [CCM's] citizenship to the Court since [they are] attempting to invoke the Court's diversity jurisdiction." [Filing No. 24 at 2 (citing *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, 2014 WL 3541296, *4 (N.D. Ind. 2014))*.] Moreover, the Court "cautioned" Defendants "that simply claiming [they] cannot obtain information regarding [CCM's] citizenship through public filings . . . is not sufficient to meet [their] burden. Absent evidence that diversity jurisdiction is proper, this case will be remanded." [Filing No. 24 at 2.] Plaintiffs notified the Court that they wished to file a motion to remand, and the Court ordered them to do so. [Filing No. 24 at 2.] That motion is now pending before the Court.

### B. Factual Background

The following factual background is drawn from the evidence submitted by the parties. Where the evidence is disputed, the Court notes the dispute.

To decide whether the Court has diversity jurisdiction over this matter, the Court must examine the citizenship of each party. The parties agree that Plaintiff Simon Property Group, Inc. is a Delaware corporation with its principal place of business in Indiana, and Plaintiff XL Insurance America, Inc. is a Delaware corporation with its principal place of business in Connecticut. [Filing No. 21 at 2; Filing No. 23 at 2.] Primarily at issue, however, is the citizenship of Plaintiff CCM. Plaintiffs present the following evidence regarding CCM's citizenship: CCM is a Delaware limited liability company. [Filing No. 29-1 at 1.] CCM's sole member is Circle Centre Development

Company ("CCDC"), which is an Indiana general partnership. [Filing No. 29-1 at 1.] CCDC has two general partners: (1) Simon Property Group, L.P. ("SPGLP"), which is a Delaware limited partnership and CCDC's managing partner; and (2) Circle Centre Partners L.P. ("CCPLP"), which is a Delaware limited partnership and CCDC's other general partner. [Filing No. 29-1 at 1.] Although there is no evidence detailing the partners of each of CCDC's two general partners, there is evidence that one of SPGLP's partners is PGLP, Inc. ("PGLP"), which is an Illinois corporation. [Filing No. 29-1 at 2.] Plaintiffs submit the following chart, which sets forth the basic organizational structure of CCM:



[Filing No. 29-2.] Defendants dispute Plaintiffs' representations regarding CCM, particularly those regarding SPGLP. [Filing No. 31 at 6-9.] As explained further below, however, Defendants do not otherwise set forth CCM's citizenship.

Regarding Defendants, the parties agree that Defendant Zurich is a New York corporation with its principal place of business in Illinois, and that Defendant Old Republic is a Pennsylvania corporation with its principal place of business in Pennsylvania. [Filing No. 23 at 2.]

# III.
## DISCUSSION

### A. Motion to Remand

Plaintiffs contend that this action should be remanded to state court because Defendants have not carried their burden of demonstrating that complete diversity exists. [Filing No. 29 at 2-4.] Moreover, Plaintiffs argue that they have affirmatively proven that complete diversity does not exist: an entity in Plaintiff CCM's organizational structure—PGLP (which is a partner of SPGLP)—is a citizen of Illinois, as is Defendant Zurich. [Filing No. 29 at 3-4.]

Defendants respond[1] that Plaintiffs' representations regarding SPGLP "are contradicted by the available public records." [Filing No. 31 at 6.] Specifically, Defendants argue that: (1) certain documents reflect that CCPLP's assignment of its interest in CCDC to SPGLP was a "legal nullity"; and (2) even if the assignment had been valid, public records indicate that SPGLP was not a legal entity at the relevant time and thus could not receive the assignment. [Filing No. 31 at 6-9.]

Plaintiffs reply that "Defendants have this entire exercise backwards" because it is "Defendants [that] bear the burden to demonstrate complete diversity and the Plaintiffs need not disprove it." [Filing No. 34 at 1.] Defendants have failed to carry their burden, say Plaintiffs, because "[a]t no point, despite having multiple opportunities, have Defendants even attempted to prove the citizenship of each relevant entity within the layers of members and partners of Plaintiff [CCM]." [Filing No. 34 at 1.] Specifically, Plaintiffs point out that, while Defendants attempt to dispute Plaintiffs' evidence regarding SPGLP, "Defendants ignored [CCDC's] first partner—[CCPLP]—[and] have not made any representations to the Court concerning the citizenship of [CCPLP], let alone provided any evidence of such citizenship." [Filing No. 34 at 3.] Finally, Plaintiffs argue

---

[1] Defendant Old Republic joins in Defendant Zurich's response brief, [Filing No. 32], thus the Court refers to "Defendants" and their arguments together.

- 5 -

that, in any event, Defendants' arguments regarding SPGLP are based on incorrect factual and legal premises that the Court should not follow.  [Filing No. 34 at 3-5.]

Plaintiffs are correct that Defendants have approached the question of whether this Court has diversity jurisdiction entirely backwards.  As the party asking this Court to exercise diversity jurisdiction over this matter, the law is clear that Defendants must affirmatively prove "the jurisdictional predicates for removal."  *Walker*, 727 F.3d at 824-25; *see Smith*, 337 F.3d at 892.  Defendants have not even attempted to set out the citizenship of the various entities in CCM's organizational structure, which, as this Court's previous Orders made clear, is required to assess whether diversity jurisdiction exists.  [Filing No. 6 (instructing Defendants that the citizenship of CCM "must be traced through however many layers of partners or members there may be"); Filing No. 24 ("[Defendants are] cautioned that simply claiming [they] cannot obtain information regarding [CCM's] citizenship through public filings, and that therefore [they] do[] not concede . . . that [CCM's] citizenship is not completely diverse from all other parties in this matter is not sufficient to meet [their] burden.  Absent evidence that diversity jurisdiction is proper, this case will be remanded.") (citation and quotation marks omitted).]  Instead, Defendants have only attempted to undermine Plaintiffs' affirmative evidence that complete diversity does not exist by arguing that certain public documents contradict Plaintiffs' claims concerning only one of the several entities (SPGLP) within CCM's organizational structure.  [Filing No. 31 at 6-9.]  But this, of course, is not the same as carrying its burden to affirmatively prove that complete diversity exists.

In short, Defendants have not even attempted to establish jurisdiction; they instead spend their time trying to undermine Plaintiffs' efforts to prove that complete diversity does not exist.  The Seventh Circuit has explicitly denounced this approach: "[w]hichever side chooses federal court *must establish jurisdiction*; it is not enough to file a pleading and leave it to the court or the

adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (emphasis added); *see also Employers Mut. Cas. Co.*, 2014 WL 3541296, at *4 (where plaintiff makes a factual challenge to assertions in a notice of removal regarding citizenship, the burden is on the defendant, as the removing party, "to prove the existence of jurisdictional facts . . . . In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship"). Defendants continue to adhere to their misguided approach despite the fact that the Court has cautioned them that it is deficient and given them explicit instructions and corresponding legal authorities to guide them in establishing jurisdiction. [*See, e.g.*, Filing No. 6 at 2 (noting that "the Court is concerned that [Defendants] statements [regarding jurisdiction] may not represent [CCM's] current organizational structure and/or the citizenship of the entities involved in its ownership"); Filing No. 24 at 1-2 (stating that it is Defendants' "burden of providing evidence of [CCM's] citizenship to the Court since it is the party attempting to invoke the Court's diversity jurisdiction" and cautioning Defendants that "simply claiming it cannot obtain information regarding [CCM's] citizenship through public filings . . . is not sufficient to meet that burden").] Because Defendants have not even attempted to carry their burden of establishing that complete diversity exists, let alone provided the evidence necessary to prove that it is so, the Court concludes that this action must be remanded to state court. *See Brill, 427 F.3d at 447* ("That the proponent of jurisdiction bears the risk of non-persuasion is well established.").

### B. Attorneys' Fees and Costs

Plaintiffs seek their attorneys' fees and costs in connection with their Motion to Remand pursuant to 28 U.S.C. § 1447(c). They argue that Defendants' conduct with respect to removal has been "manifestly unreasonable" in that Defendants: (1) "failed to properly investigate CCM's

citizenship prior to filing its notice"; (2) failed to acknowledge that Plaintiffs' evidence conclusively establishes that complete diversity did not exist; and (3) ignored the Court's Order requiring Defendants to establish that jurisdiction is proper. [Filing No. 29 at 5-7.]

Defendants respond that they "reasonably and promptly investigated the available information [they] could obtain from the relevant public records with respect to the citizenship of all the Plaintiffs and drew the reasonable conclusion that complete diversity existed." [Filing No. 31 at 9.] Moreover, Defendants contend that they do not have to accept Plaintiffs' representations regarding their citizenship, especially when public records contradict those representations. [Filing No. 31 at 10.] Finally, Defendants note that they had to act quickly in removing the case due to the time limitations on removal imposed by 28 U.S.C. § 1446, and that "had it sought to take formal discovery as to the citizenship of CCM, that effort alone could be cited as a basis to find [Defendants] had waived the right to remove by litigating the case in state court." [Filing No. 31 at 11.]

Plaintiffs reply that the Court twice explained to Defendants the evidence they must present to prove that complete diversity existed and twice cautioned them that their approach was deficient, but Defendants simply ignored the Court by "never address[ing] the citizenship of all the requisite entities." [Filing No. 34 at 6-7.] Defendants, conclude the Plaintiffs, "should have known based on a review of the applicable law that they were required to do so." [Filing No. 34 at 6-7.]

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Seventh Circuit has stated that the award of attorneys' fees and costs is appropriate "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal . . . . By contrast, if clearly established law did not foreclose a defendant's

basis for removal, then a district court should not award attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). "When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Micrometl Corp. v. Tranzact Tech., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). In sum, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendants' approach to removal in this case was not reasonable. At the time of removal, Defendants alleged that complete diversity was met based only on "the investigation Zurich has been able to undertake to this point." [Filing No. 1 at 4.] But that investigation surely was not a complete or sufficiently thorough one, as Defendants did not know (and *still* do not know) the citizenship of CCM. Without knowing the citizenship of CCM, Defendants did not have an objectively reasonable basis to remove the case to this Court. Defendants' remove-first-and-examine-whether-complete-diversity-exists-later approach to jurisdiction is not a reasonable one.

Neither of Defendants' justifications for removing the case without knowing CCM's citizenship mitigate their ill-conceived approach. First, Defendants argue that the investigation was the best they could do under the time constraints for removal imposed by 28 U.S.C. § 1446. [Filing No. 31 at 11.] However, the thirty-day limit on removal imposed by § 1446(b)(1) is subject to an important exception for cases in which "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). Should this exception apply, Defendants could remove the case up to a year after its filing, 28 U.S.C. § 1446(c)(1), provided that they did so "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3). Thus

Defendants' argument that it needed to quickly remove the case due to time constraints imposed by § 1446 is untenable. If a proper investigation had revealed that complete diversity existed, Defendants would have had 30 days from when those facts came to light to remove the case. *See id.*

Defendants' argument that they risked waiving their right to removal by pursuing discovery regarding Plaintiffs' citizenships in state court is equally unavailing. The lone authority to which Defendants point does not stand for the proposition that state-court discovery regarding the propriety of removal can lead to the waiver of the right. [Filing No. 31 at 11 (citing *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1125 (D.N.M. 1998))._] Indeed, the Court in *Chavez* held that the defendants waived their right to remove the case to federal court because they "manifested a clear and unequivocal intent to proceed *on the merits* of the case in state court." 15 F.Supp.2d at 1125 (emphasis added) (citation and quotation marks omitted). But engaging in citizenship-related discovery, as Defendants here should have done before removing the case, is a far cry from proceeding on the merits in state court. Having failed to cite a single authority holding that jurisdiction-related discovery could waive a party's removal right, Defendants' concern about such a result was, at best, misplaced.

In short, Defendants have no excuse for not sufficiently investigating CCM's citizenship before removing the case to this Court. Nevertheless, they did so anyway. This approach to removal is not "reasonable[]" and justifies an award of attorneys' fees under § 1447(c). *Martin*, 546 U.S. at 141.

Accordingly, the Court concludes that Plaintiffs are entitled to an award of attorneys' fees and costs. Because Defendant Old Republic joined in Defendant Zurich's decision to remove this

case and its flawed arguments to avoid remand, both Defendants are liable for attorneys' fees and costs.

# IV.
## CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiffs' Motion to Remand, [Filing No. 29], including their request for attorneys' fees and costs in connection with the motion. The parties are **ORDERED** to confer regarding the amount of such attorneys' fees and costs and, if agreement cannot be reached regarding the amount by **September 25, 2014**, Plaintiffs are **ORDERED** to file a Petition setting forth the amounts they seek by that date. If agreement is reached, the parties shall file a statement by that date advising the Court accordingly. Should the filing of a Petition be necessary, Defendants will have until **October 2, 2014**, to respond to the Petition, and Plaintiffs will have until **October 9, 2014**, to reply.

Upon resolution of the fees and costs issue, Final Judgment will be entered and this matter will be **REMANDED** to the Marion Superior Court pursuant to 28 U.S.C. § 1447(d).

September 11, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**